432 F.2d 1341
 75 L.R.R.M. (BNA) 2347, 139 U.S.App.D.C. 279,
63 Lab.Cas. P 11,173
 AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Blue Jeans
Corporation and Whiteville Manufacturing Company,
Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BLUE JEANS CORPORATION and Whiteville Manufacturing Company,
Respondent.
Amalgamated Clothing Workers of America, AFL-CIO, Intervenor.
 Nos. 23248, 23405.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 25, 1970.
 
 Mr. Jacob Sheinkman, New York City, was on the brief for petitioner in No. 23,248 and intervenor in No. 23,405.
 Messrs. Arnold Ordman, Gen. Counsel, National Labor Relations Board, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst, Gen, Counsel, and John I. Taylor, Jr. and Roger L. Sabo, Attys., National Labor Relations Board, were on the brief for respondent in No. 23,248 and petitioner in No. 23,405.
 Mr. J. W. Alexander, Jr., Charlotte, N.C., entered an appearance for intervenor in No. 23,248 and respondent in No. 23,405.
 Before BAZELON, Chief Judge, TAMM, Circuit Judge, and CHRISTENSEN,* U.S. District Judge, District of Utah, in Chambers.
 PER CURIAM:
 
 
 1
 The union in these cases struck against Blue Jeans Corporation, protesting the company's refusal to bargain, When the dispute came before the National Labor Relations Board, the Board found that the company had failed to bargain in good faith. It ordered the company to cease and desist from the unfair labor practices found, to bargain collectively with the union upon request, and to post appropriate notices.
 
 
 2
 On two particular issues, the Board found that the company did bargain in good faith: first, the union's demands relating to the checkoff of union dues, and second, the demand for a union-conducted tome-study or, alternatively, arbitration on piece rates. These two issues are all that remain in these cases. The union seeks a determination by this court that the company's refusal to concede on these issues constituted failure to bargain in good faith, and it seeks an order compelling the company (1) to grant the checkoff provision and (2) to permit the time-study or agree to binding arbitration on piece rates.
 
 
 3
 We find substantial evidence in the record to support the Board's decision on both of these issues.
 
 
 4
 With regard to the checkoff provision, we note that the company's policy of allowing only essential deductions from the payroll can be traced back ten years.
 
 
 5
 The union's demand to be allowed to conduct a time-study is more persuasive initially, but we cannot accept the union's conclusion that the company's behavior manifested 'an attempt to retain sole and exclusive control over the establishment of wages.' Company and union were agreed on the average hourly wage that the piece rates should yield. The Trial Examiner reasonably concluded that the union's refusal to examine the time-study records which the company produced, and its failure to request other records which the company was apparently willing to produce, neither tested the company's good faith nor brought its alleged bad faith into focus.
 
 
 6
 These considerations, in the particular context of the dispute before us, persuade us that the Board's decision in These cases must be affirmed.[1] We deny the union's petition for review, and we enforce the Board's order as it stands against the company.
 
 
 
 *
 Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c)
 
 
 [1]
 The union does not seriously pursue on sppeal its complaint about the company's refusal to agree to arbitration on wage rates. We note, however, that we see no reason to overturn the Trial Examiner's conclusion that the company bargained in good faith on this issue
 We further note that even if we agreed with all the union's contentions with regard to bargaining in good faith, we could not grant precisely the relief it seeks. H. K. Porter Co. v. National Labor Relations Board, 397 U.S. 99, 90 S.Ct. 821, 25 L.Ed.2d 146 (1970), certainly precludes a Board order requiring that the company agree to the checkoof provision.